ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **COOPERATIVA DE AHORRO Y CRÉDITO DE VILLALBA AGUSTÍN BURGOS (VILLA COOP) Y OTROS** DEMANDANTE(S)-APELANTE(S) | | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE** |
| V. | **TA2025AP00265** | Caso Núm. **PO2024CV02883** |
| **ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS** DEMANDADA(S)-APELADA(S) | | Sobre: Impugnación de Confiscación (Ley Núm. 119-2011) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 17 de noviembre de 2025.

Comparece ante este Tribunal de Apelaciones, la **COOPERATIVA DE AHORRO Y CRÉDITO DE VILLALBA AGUSTÍN BURGOS (VILLA COOP)** mediante *Apelación* interpuesta el 20 de agosto de 2025. En su escrito, nos solicita que revisemos la *Sentencia* emitida el 17 de junio de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[1] En dicha providencia, el foro apelado declaró ha lugar la *Moción en Solicitud de Desestimación por Falta de Jurisdicción* presentada el 8 de noviembre de 2024 por el **ESTADO LIBRE ASOCIADO DE PUERTO RICO (GOBIERNO DE PUERTO RICO)** y ordenó la desestimación de la *Demanda* por carecer de jurisdicción por haber transcurrido el período de treinta (30) días dispuesto en el Artículo 15 de la *Ley Uniforme de Confiscaciones* de 2011, *infra* (*Ley Uniforme de Confiscaciones*).

---

[1] Este dictamen judicial fue notificado y archivado en autos el 23 de junio de 2025. Apéndice de la *Apelación*, entrada núm. 10 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

**- I -**

El 15 de enero de 2024, se efectuó la confiscación de un vehículo de motor por el entonces **NEGOCIADO DE LA POLICÍA DE PUERTO RICO** (**NPPR**). En esencia, el **NPPR** ocupó y retuvo el automóvil Lexus IS 250, tablilla IGA-481, del año 2014, para investigación y como evidencia física por haberse utilizado en violación a los Artículos 6.05 y 6.22 de la *Ley de Armas de Puerto Rico 2020*, según enmendada (*Ley de Armas*).[2] El carro pertenecía al señor **LUIS GUILLERMO CARDENALES RIVAS** (señor **CARDENALES RIVAS**) quien era el dueño registral, deudor del préstamo de venta al por menor a plazos otorgado por **VILLA COOP** y asegurado principal de la póliza expedida por la **COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO** (**SEGUROS MÚLTIPLES**).

El 24 de abril de 2024, la **JUNTA DE CONFISCACIONES** (**JUNTA**) suscribió dos (2) comunicados en los cuales divulgó que el 15 de enero de 2024, se había ocupado el vehículo y procedido con su confiscación y estos fueron dirigidos a **VILLA COOP** y al señor **CARDENALES RIVAS** siendo remitidos mediante correo certificado con acuse de recibo.[3] El 29 de abril de 2024, la carta dirigida a **VILLA COOP** fue recibida por una persona de nombre Luz E. Lugo.[4]

El 4 de octubre de 2024, **VILLA COOP** instó una *Demanda* sobre impugnación de confiscación.[5] Alegó que **SEGUROS MÚLTIPLES** extendió una póliza de seguros con cubierta para el riesgo de confiscaciones sobre el auto perteneciente al señor **CARDENALES RIVAS**. Señaló que, conforme a los términos y condiciones de la póliza, **SEGUROS MÚLTIPLES** tenía la obligación contractual de promover el procedimiento de impugnación de confiscación a favor del beneficiario del Endoso de Confiscación, entiéndase, **VILLA COOP**. Manifestó, además, que **VILLA COOP** no recibió misiva rubricada por la **JUNTA**

---

[2] 25 LPRA § 466d y 466u.

[3] Apéndice de la *Apelación*, anejos de la entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] *Íd.*

[5] Apéndice de la *Apelación*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

previniéndole sobre la confiscación del vehículo de motor en controversia. **VILLA COOP** arguyó que, ante la omisión de la **JUNTA**, el plazo jurisdiccional para incoar la acción no comenzó a decursar.

El 8 de noviembre de 2024, el **GOBIERNO DE PUERTO RICO** presentó su *Moción en Solicitud de Desestimación por Falta de Jurisdicción*.[6] En apretada síntesis, el **GOBIERNO DE PUERTO RICO** replicó que, en cumplimiento con su deber ministerial, el 25 de abril de 2024, le reveló tanto a **VILLA COOP** como al señor **CARDENALES RIVAS** sobre la confiscación. Aseveró que el 29 de abril de 2024 y el 1 de mayo de 2024, respectivamente, **VILLA COOP** y **CARDENALES RIVAS** recibieron las comunicaciones. Sustentó que, en las mencionadas correspondencias, se describió el coche confiscado, las violaciones en Ley por las que se confiscó y se les apercibió de su derecho a impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en la cual se recibió la notificación, ello en conformidad con lo dispuesto por la *Ley Uniforme de Confiscaciones*. El **GOBIERNO DE PUERTO RICO** razonó que el vencimiento de los treinta (30) días es de carácter jurisdiccional y en vista de que la *Demanda* se entabló, según sus cálculos, ciento cincuenta y seis (156) días después de haberse recibido el aviso de confiscación, el Tribunal carecía de jurisdicción para atender en los méritos la impugnación. Por ello, interpeló la desestimación del pleito.

Más tarde, el 18 de noviembre de 2024, se dictaminó *Orden* requiriéndole a **VILLA COOP** exponer su posición en torno a la solicitud de desestimación dentro de un tiempo de diez (10) días.[7] El 4 de diciembre de 2024, **VILLA COOP** presentó *Moción Solicitando Prórroga para Replicar a la Moción de Desestimación*.[8] Expuso que, ante la alegación del **GOBIERNO DE PUERTO RICO** en torno a la advertencia de la confiscación, había iniciado una inquisición para corroborar si la dirección postal del destinatario era

---

[6] Apéndice de la *Apelación*, entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[7] Apéndice de la *Apelación*, entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[8] Apéndice de la *Apelación*, entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

correcta. Añadió que, de ser correcta, verificaría el contenido para dar con las posibles circunstancias por las cuales no se pudo reclamar cubierta en tiempo. Enunció que, a pesar de no tener las conclusiones de la búsqueda, tuvo la oportunidad de cerciorarse que la tablilla descrita no coincidía con la tablilla de los documentos que obraban en VILLA COOP. Ante dicha discordancia, le era imprescindible efectuar una indagación más amplia sobre los datos provistos al Departamento de Transportación y Obras Públicas, para confirmar o descartar que fuese un error imputable al GOBIERNO DE PUERTO RICO. Por lo tanto, VILLA COOP suplicó un aplazamiento adicional de treinta (30) días para presentar su postura por escrito. Así las cosas, el 5 de diciembre de 2024, mediante *Orden* se declaró ha lugar la solicitud de VILLA COOP.[9]

Posteriormente, el 17 de junio de 2025, habiendo transcurrido unos seis (6) meses, se prescribió la *Sentencia* apelada. Inconforme, VILLA COOP acudió ante este foro intermedio revisor mediante una *Apelación* e imputa el(los) siguiente(s) errores:

> Erró el TPI al desestimar la demanda de impugnación de confiscación en cuanto al acreedor financiero (Villa Coop), sin reconocerle a dicha parte la oportunidad de traer prueba a su favor en torno a la legitimación activa para incoar la acción de epígrafe y sobre la notificación defectuosa de la confiscación en una vista sobre legitimación activa ordenada estatut[a]riamente.

> Erró el TPI al desestimar la demanda en cuanto a las codemandantes (Villa Coop), interpretando erróneamente que la demanda de impugnación fue radicada fuera del término jurisdiccional que establece la Ley Uniforme de Confiscaciones de 2011.

> Erró el TPI al desestimar la demanda sin haber apercibido a las partes de dicha acción previo a la imposición de otras sanciones menos severas que la desestimación.

El 2 de septiembre de 2025, pronunciamos una *Resolución* en la cual, entre otras cosas, conferimos un tiempo de treinta (30) días para presentar su alegato en oposición al GOBIERNO DE PUERTO RICO. El 2 de octubre de

---

[9] Apéndice de la *Apelación*, entrada núm. 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

2025, el GOBIERNO DE PUERTO RICO presentó su *Alegato* conteniendo una impetración para confirmar la *Sentencia* impugnada.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

### - A – REGLA 10.2 DE LAS DE PROCEDIMIENTO CIVIL DE 2009

La Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse antes de una alegación responsiva[10]. Una *moción de desestimación* bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la demanda solicitando que se desestime la causa de acción presentada en su contra.[11]

Dicha Regla dispone como fundamentos para la *desestimación*: **(1) falta de jurisdicción sobre la materia**; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable. [12] La falta de jurisdicción constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[13]

El estándar adjudicativo al evaluar una *moción de desestimación* exige que los tribunales tomen como ciertos "todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante".[14] La obligación de tomar como ciertos únicamente los hechos

---

[10] 32 LPRA Ap. V, R 10.2.
[11] Véase: R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, LexisNexis, (2017), págs. 305– 306.
[12] 32 LPRA Ap. V, R. 10.2. *Cobra Acquisitions v. Mun. de Yabucoa, et al.,* 210 DR 384, 396 (2022).
[13] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 539 (2019).
[14] *Blassino Alvarado v. Reyes Blassino*, 214 DPR 823.

bien alegados de la demanda supone excluir del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[15]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda.[16] Ante ello, los tribunales deberán evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida".[17] En otras palabras, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[18]

De esta forma, solo procederá una *moción de desestimación* cuando una demanda carece de todo mérito, o la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[19] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[20]

### - B – *Ley Uniforme de Confiscaciones de 2011*

La *confiscación* es "el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre los bienes que hayan sido utilizados en

---

[15] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asoc. Importadores de Cerveza v. E.L.A.,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)).

[16] *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).

[17] *Cruz Pérez v. Roldan Rodríguez et al.,* 206 DPR 261 267 (2021).

[18] Véase: R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 307.

[19] *Cruz Pérez v. Roldan Rodríguez et al., supra; Ortiz Matías et al. v. Mora Development,* 187 DPR 649 (2013).

[20] *Ortiz Matías et al. v. Mora Development, supra.*

relación con la comisión de ciertos delitos".[21] La *confiscación* es, además, un procedimiento estatutario que opera como una sanción penal adicional contra los criminales y aquellos que los asisten en sus fechorías.[22] Cuando se efectúa conforme a derecho, la *confiscación* constituye una excepción a la protección constitucional que impide tomar pertenencia privada para fines públicos sin una justa compensación.[23]

La *Ley Uniforme de Confiscaciones de 2011* (*Ley Uniforme de Confiscaciones*), según enmendada, faculta al Estado para confiscar, entre otros, una tenencia que se haya utilizado, resultare o sea el producto de la comisión de delitos graves y menos graves que autoricen la confiscación, tipificados en el Código Penal de Puerto Rico, *supra*, así como en otras leyes especiales.[24] En particular, se autoriza la confiscación de todo vehículo que se haya utilizado para transportar bienes apropiados ilegalmente, robados, obtenidos mediante extorsión o de cualquier otra forma ilícita.[25]

La política pública del Estado consiste en facilitar y agilizar el proceso de confiscación de bienes, a la vez que vela por los derechos y reclamos de las personas afectadas por este acto.[26] Esta ley implementó un procedimiento expedito con requisitos estrictos aplicables tanto al Estado como a las partes con interés en la posesión ocupada.[27] En tal sentido, el Estado cuenta con un período limitado de notificación para validar su actuación con el fin de garantizar el debido proceso de ley de las partes interesadas sobre el bien confiscado.[28] El propósito de dicho aviso es salvaguardar los derechos constitucionales y permitir levantar defensas o argumentos en contra de la confiscación.[29]

---

[21] *Cooperativa de Seguros Múltiples de Puerto Rico y Otro v. Estado Libre Asociado de Puerto Rico*, 2025 TSPR 78, 216 DPR __; *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 463 (2023); *Coop. Seg. Mult. et als. v. ELA et al.* 209 DPR 796, 804 (2022).
[22] *MAPFRE v. ELA*, 188 DPR 517, 525 (2013).
[23] *Flores Pérez v. ELA*, 195 DPR 137, 146 (2016).
[24] 34 LPRA § 1724f.
[25] R. Carrión Vargas, *Confiscaciones en el Derecho Puertorriqueño*, 1ra ed., San Juan, Ed. Bibliográficas, 2024, pág. 143.
[26]  34 LPRA § 1724 nota.
[27] *Reliable Financial v. ELA*, 197 DPR 289, 298 (2017).
[28] *Íd.*
[29] *BBV v. ELA*, 180 DPR 681, 687 (2011); *Negrón v. Srio. de Justicia*, 154 DPR 79, 87 (2001).

El Artículo 13 de la *Ley Uniforme de Confiscaciones*, instaura lo siguiente sobre la notificación de confiscación:

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
> [...]
> Toda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes. La notificación se hará a la dirección conocida del alegado dueño, encargado o persona con derecho o interés en la propiedad, según consta del expediente de la confiscación.
> En el caso de vehículos de motor que sean ocupados en virtud de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como "Ley para la Protección de la Propiedad Vehicular" [9 L.P.R.A. §§ 3201 et seq.], la notificación se hará dentro de los treinta (30) días siguientes a partir del término de treinta (30) días dispuestos para que los oficiales del orden público lleven a cabo una investigación sobre el bien ocupado. Un vehículo ocupado al amparo de la "Ley para la Protección de la Propiedad Vehicular", no será confiscado a favor del Gobierno de Puerto Rico hasta tanto se culmine el procedimiento dispuesto en dicha Ley. El mismo se mantendrá bajo la custodia de la Policía hasta que se culmine la investigación correspondiente.
> **En aquellos casos en los que se incaute y retenga cualquier propiedad para alguna investigación relacionada con cualquier acción penal, civil, administrativa o cuando el bien es indispensable para la investigación o como evidencia en el caso, el término para culminar la investigación y emitir la orden de confiscación no excederá de noventa (90) días. Los treinta (30) días para notificar la confiscación comenzarán a contarse una vez concluya dicha acción y se expida la correspondiente orden de confiscación.**[30]

En resumen, el Estado deberá cursar un aviso sobre la confiscación dentro de los treinta (30) días siguientes a la ocupación.[31] Empero, a modo de excepción, la Asamblea Legislativa implantó un período de notificación especial en dos (2) situaciones que justifican la retención de la propiedad por un tiempo adicional debido a su conexión con otros procesos: **cuando se incautó y retuvo para propósitos investigativos relacionados a un caso civil, criminal o administrativo** y cuando se utiliza como evidencia física en

---

[30] 34 LPRA § 1724j. Énfasis nuestro.
[31] *Reliable Financial v. ELA, supra*, pág. 299.

un caso.[32] En este contexto, el Estado cuenta con una extensión máxima de noventa (90) días para culminar la pesquisa concerniente a la pertenencia incautada y expedir la orden de confiscación.[33] Tal periodo responde a la necesidad de implantar un intervalo fijo para evitar que el **NPPR** retuviese el bien por un tiempo indeterminado, previo a requerir su confiscación.[34]

De otro lado, las personas avisadas que comprueben ser dueños del bien ocupado pueden objetar la confiscación dentro de los **treinta (30) días** siguientes a la fecha en que se reciba la notificación.[35] Este término es uno *jurisdiccional*. Por su parte, el Estado en su alegación responsiva puede levantar como defensa afirmativa la *falta de jurisdicción* provocada por una demanda o reclamación tardía.[36] Es decir, cuando la causa de acción sobre impugnación de confiscación se promueve luego de transcurrir el tiempo hábil dispuesto por la *Ley Uniforme de Confiscaciones*, el Estado puede levantar la *falta de jurisdicción* como defensa afirmativa.[37]

### - III -

**VILLA COOP** apuntala que el foro primario incidió al desestimar la *Demanda* y dictar *Sentencia* sin haberle brindado la oportunidad de presentar prueba a su favor sobre la notificación defectuosa. Afirma, además, que erró al interpretar que la *Demanda* fue radicada fuera del plazo jurisdiccional que instituye la *Ley Uniforme de Confiscaciones*. Finalmente, sustenta que desacertó al desestimar la *Demanda* sin previo apercibimiento de la imposición de otras sanciones menos severas.

El **GOBIERNO DE PUERTO RICO** planteó que: (i) el 15 de enero de 2024, se ocupó el vehículo de motor marca Lexus, modelo IS 250 y el mismo se retuvo para propósitos investigativos también como evidencia física; (ii) desde ese momento, el **GOBIERNO DE PUERTO RICO** tenía noventa (90) días para concluir su indagación lo cual culminaba el 14 de abril de 2024; (iii)

---

[32] *Íd.*, págs. 299-300. Énfasis nuestro.
[33] *Íd.*, pág. 300.
[34] *Íd.*, pág. 301.
[35] 34 LPRA sec. 1724l.
[36] *R. Carrión Vargas, op. cit.*, pág. 99.
[37] *Íd.*

finalizado el trámite, el GOBIERNO DE PUERTO RICO contaba con treinta (30) días adicionales para notificar la orden de confiscación a las partes con interés ; (iv) el día 24 de abril de 2024, la JUNTA firmó el comunicado sobre confiscación el cual fue notificado el 25 de abril de 2024 mediante correo certificado con acuse de recibo; (v) el 29 de abril de 2024, el acuse de recibo fue firmado por una persona de nombre Luz E. Lugo de VILLA COOP; (vi) VILLA COOP disponía de treinta (30) días siguientes a la fecha de recibo para instar su causa de acción; y (vii) el 4 de octubre de 2024, VILLA COOP encausó su *Demanda* sobre impugnación de confiscación.

Por encontrarse intrínsecamente relacionados, discutiremos los errores señalados de forma conjunta. De acuerdo con VILLA COOP, las controversias se centran en dos (2) asuntos medulares. Primero, si la orden de confiscación fue fehaciente y adecuada resultando en la activación del término jurisdiccional. Segundo, si la causa de acción se presentó dentro del plazo dispuesto.

Ahora bien, el GOBIERNO DE PUERTO RICO contradice que la alegada incongruencia de la tablilla del automóvil le impidió a VILLA COOP interponer la *Demanda* para impugnar la confiscación. Infiere que, a pesar de la desinformación en torno a la tablilla, la JUNTA advirtió correctamente la marca, modelo y año del vehículo, así como estaba registrado a nombre del señor CARDENALES RIVAS ante el Departamento de Transportación y Obras Públicas. Lo cual no le impidió a VILLA COOP identificar el carro e iniciar su reclamación. Ante este cuadro, concluimos que el GOBIERNO DE PUERTO RICO cumplió cabalmente con el requisito de una acertada notificación**.**

Resuelto esto, pasemos a discutir la polémica en torno al término jurisdiccional. En resumidas cuentas, por excepción, el GOBIERNO DE PUERTO RICO poseía un lapso de noventa (90) días para ultimar su indagación y una vez vencido, treinta (30) días, para tramitar la orden de confiscación. Efectuado dicha gestión, el 29 de abril de 2024, comienzo a decursar los treinta (30) días para acudir ante el Tribunal. En este caso, el 4 de octubre de

2024, casi seis (6) meses después de haber sido recibida la orden de confiscación, **VILLA COOP** compareció ante el foro primario.

Es evidente que **VILLA COOP** acudió fuera del término jurisdiccional de treinta (30) días asentado por la *Ley Uniforme de Confiscaciones*. Discernimos que el foro apelado actuó correctamente al desestimar la causa de acción instada tardíamente sin la necesidad de considerar otras sanciones. Si el tribunal primario hubiese retenido el caso, hubiese incurrido en un craso abuso de discreción toda vez que la falta de jurisdicción sobre la materia es indiscutiblemente clara. Por tanto, no se cometieron en los errores.

- **IV** -

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* decretada el 17 de junio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones